IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| USHANGO OWENS-ALI, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 09-556-JJF |
| CHAPLAIN FRANK C. PENNELL, et al., | : |
| Defendants. | : |

Ushango Owens-Ali, Pro se Plaintiff. James T. Vaughn Correctional Center, Smyrna, Delaware.

**MEMORANDUM OPINION**

December 4, 2009
Wilmington, Delaware

Farnan, District Judge

Plaintiff Ushango Owens-Ali ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware filed this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5. (D.I. 2, 3.) He appears pro se. For the reasons discussed below, the Court will dismiss the claims against Defendants Warden Perry Phelps ("Phelps"), Deputy Warden Klein ("Klein"), Matthew Dutton ("Dutton"), Jeanie E. Coventry ("Coventry"), Lise M. Merson ("Merson"), Dr. Claudia Parker ("Dr. Parker"), Debra Crapella ("Crapella"), Thomas Aiello ("Aiello"), Lieutenant Salas ("Salas"), Richard Kearney ("Kearney"), and Carl Danberg ("Danberg") as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), and will allow Plaintiff to proceed against Defendants Chaplain Frank C. Pennell ("Pennell"), Ron Hosterman ("Hosterman"), Major Scarborough ("Scarborough"), Joe L. Kadtke ("Kadtke"), and C. Senato ("Senato"). The Court will deny without prejudice Plaintiff's Request for Counsel. (D.I. 4.)

I. **BACKGROUND**

Plaintiff, a Moorish American National adherent, sought a diet to accommodate his religious beliefs and dietary needs and, on July 14, 2008, requested a diet consistent with those beliefs.

2

He alleges that he was denied his requests for a vegan/vegetarian diet between July 14, 2008 and February 6, 2009. Plaintiff submitted grievances and wrote numerous letters to Pennell, Hosterman, Scarborough, and Senato seeking the religious diet, to no avail. Plaintiff alleges that Kadtke made statements that led to the denial of his grievance.

On August 5, 2008, Plaintiff was transferred from the Howard R. Young Correctional Institutional ("HRYCI"), Wilmington, Delaware to the VCC. He alleges the transfer was in retaliation for his attempts to exercise his religious rights.

Plaintiff also submitted grievances complaining of: (1) missing legal and personal property following his transfer from the HYRCI to VCC; (2) unsanitary conditions and infested mattresses; and (3) medical staff who failed to provide adequate service, were uncooperative, and discriminatory to inmates. Plaintiff's grievances were either unresolved or returned as non-grievable.

Plaintiff sues Defendants in their individual and official capacities. He seeks injunctive relief, compensatory, and punitive damages.

## II. STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary

relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke v. Williams, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back). The Court is "especially careful when assessing frivolousness in the

case of in forma pauperis complaints, for 'prisoners often must rely on the courts as the only available forum to redress their grievances, even when those grievances seem insignificant to one who is not so confined.'" See Deutsch, 67 F.3d at 1090.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3rd Cir. 2002).

"To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, -U.S.-, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when its factual content allows the court to draw a reasonable inference that Defendant is liable for the misconduct alleged. Id. The plausibility standard "asks for more than a sheer

possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Id. (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

#### A. Section 1983

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory. . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right

6

secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### B. RLUIPA

To state a claim under RLUIPA, an institutionalized person must allege a "substantial burden on [his] religious exercise." 42 U.S.C. § 2000cc-1. Under RLUIPA, "[a] plaintiff-inmate bears the burden to show that a prison institution's policy or official practice has substantially burdened the practice of that inmate's religion." Washington v. Klem, 497 F.3d 272, 278 (3d Cir. 2007). "A substantial burden exists where: "1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; OR 2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs." Heleva v. Kramer, 330 F. App'x 406, 409 (3d Cir. 2009) (not published) (quoting Washington v. Klem, 497 F.3d at 280).

### C. Eleventh Amendment Immunity

Plaintiff sues Defendants in their individual and official capacities, and seeks injunctive relief and compensatory damages. The claims for monetary damages against Defendants in their

7

official capacities are essentially claims against the State of Delaware and are barred by the State's Eleventh Amendment immunity.[1] See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990); see also Scott v. Beard, 252 F. App'x 491, 492-93 (3d Cir. 2007) (not published).

Defendants may, however, be subject to federal suit in their official capacities where a plaintiff seeks prospective, injunctive relief from an ongoing violation of federal law. Kretchmar v. Beard, 241 F. App'x 863, 865 (3d Cir. 2007) (not published) (citing Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 697 (3d Cir. 1996); Ex parte Young, 209 U.S. 123 (1908)). Accordingly, Defendants are immune from all claims in their official capacities except those alleging ongoing violations of RLUIPA, and of Plaintiff's First Amendment rights as protected by 42 U.S.C. § 1983.

---

[1] Two District Courts in our Circuit have found that RLUIPA does not support damage claims against state officials in their individual capacities. See e.g., Logan v. Lockett, Civ. No. 07-1759, 2009 WL 799749, at *4 (W.D. Pa. Mar. 25, 2009); Bowman v. Commonwealth of Pennsylvania Dep't of Corr., Civ. No. 04-2176, 2006 WL 42091, at *1 (M.D. Pa. Jan. 6, 2006; see also Nelson v. Miller, 570 F.3d 868, 885-89 (7th Cir. 2009)(discussing split of authority on issue; holding that RLUIPA does not allow damages against state officials in their individual capacities). Our Court of Appeals has yet to decide the issue. See Brown v. D.O.C. PA, 265 F. App'x 107, 111 (3d Cir. 2008) (not published).

**D. Respondeat Superior**

Danberg, Phelps, Klein, and Kearney are named as defendants, apparently because of their supervisory positions. There are no allegations directed towards these Defendants, but they are listed in the "Defendants" section of the Complaint. There, Plaintiff explains that Danberg is responsible for the overall operation of the Delaware Department of Correction ("DOC") and each institution under its jurisdiction; Phelps is legally responsible for the operation of the VCC and for the welfare of all its inmates; Klein held the rank of deputy warden and was assigned to the VCC; and Kearney held the position of Bureau Chief of the DOC and was assigned to the Bureau of Prisons. (D.I. 2, ¶¶ 4, 5, 6, 15.) The Complaint does not allege that Danberg, Phelps, Klein, or Kearney personally committed any constitutional violations.

As is well established, civil rights claims cannot be premised on a theory of respondeat superior. <u>Natale v. Camden County Corr. Facility</u>, 318 F.3d 575, 583 (3d Cir. 2003); <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988). Instead, each named defendant must be shown, via the Complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72 (1976); <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077, 1082 (3d Cir. 1976). "Personal involvement can be shown through

allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Rode, 845 F.2d at 1207. In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

The Complaint does not allege the personal involvement of Danberg, Phelps, Klein, or Kearney. Neither does it allege that they were the "driving force [behind]" Plaintiff's alleged violations. Additionally, the Complaint does not indicate that these Defendants were aware of Plaintiff's allegations and remained "deliberately indifferent" to his plight. Sample v. Diecks, 885 F.2d at 1118. Respondeat superior liability is unavailable under § 1983 and, therefore, Plaintiff's claims are legally baseless. See Hampton v. Holmesburg Prison Officials, 546 F.2d at 1082 (No § 1983 claim against prison warden who had not participated in or had actual knowledge of prison guards' alleged wrongdoing). For the above reasons, the Court will dismiss Plaintiff's claims against Defendants Danberg, Phelps,

Klein, and Kearney as frivolous as they have no arguable basis in law or in fact.

### E. Personal Involvement

In the "Defendant" section of the Complaint the following Defendants are listed as individuals with the DOC and assigned to the VCC. Parker is identified as a doctor, Crapella is identified as a medical staff investigator, Aiello is identified as a staff counselor, and Salas is identified as a correctional officer holding the rank of lieutenant. (D.I. 2, ¶¶ 10-13.) There are no allegations directed towards these Defendants.

In order to satisfy the personal involvement requirement for a § 1983 claim, the Complaint need only allege the conduct, time, place, and person responsible. See Evancho v. Fisher, 423 F.3d 347, 353-54 (3d Cir. 2005)(citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980)); see also Solan v. Ranck, 326 F. App'x 97, 101 (3d Cir. 2009) (not published). The bare identifying allegations fail to set forth facts indicating that the foregoing Defendants personally directed or knew of and acquiesced in any alleged constitutional violation. See Evancho v. Fisher, 423 F.3d at 353-54. Absent any allegation of personal involvement, Plaintiff's § 1983 claims against Parker, Crapella, Aiello, and Salas cannot stand. The claims against them are frivolous and the Court will dismiss them to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### F. Grievances

The Complaint identifies Dutton, Coventry, and Merson as IGC (i.e., Institutional Grievance Committee) officers at the VCC (D.I. 2, ¶¶ 7-9.) Plaintiff alleges that Dutton investigated his grievance regarding missing legal and personal property. (Id. at ¶ 22.) No remedy was afforded Plaintiff, he appealed, and on February 24, 2009, Merson denied the appeal. (Id. at ¶ 24.)

The filing of prison grievances is a constitutionally protected activity. Robinson v. Taylor, 204 F. App'x 155, 157 (3d Cir. 2006) (not published). To the extent that Plaintiff bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a constitutionally protected right to a grievance procedure. Caldwell v. Beard, 324 F. App'x 186, 189 (3d Cir. 2009) (not published) (citing Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)). Additionally, Plaintiff's complaints regarding the investigation of his grievances do not state a constitutional claim. See Gay v. Shannon, 211 F. App'x 113, 116 (3d Cir. 2006) (not reported) (citing Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (holding allegedly inadequate grievance procedures did not give rise to a constitutional claim); see also Hurley v. Blevins, Civ. No. 6:04CV368, 2005 WL 997317 (E.D. Tex. Mar.28, 2005)(the failure to investigate a grievance does not raise a constitutional issue.) Finally, the

denial of his grievance appeal does not in itself give rise to a constitutional claim as Plaintiff is free to bring a civil rights claim in District Court. Winn v. Department Of Corr., No. 09-1653, 2009 WL 2233098, at *2. (3d Cir. July 28, 2009) (citing Flick v. Alba, 932 F.2d at 729.

Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, investigated, or that the grievance process is inadequate. Therefore, the Court will dismiss the grievance claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### G. Request For Counsel

Plaintiff requests counsel on the grounds that he is unable to afford counsel, the issues in the case are complex, he has limited access to the law library, and limited knowledge of the law. (D.I. 4.) Although a plaintiff does not have a constitutional or statutory right to an attorney,[2] a district court may seek legal representation by counsel for a plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting . . . from

---

[2] See Mallard v. United States District Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (§ 1915(d) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request."; Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993) (no right to counsel in a civil suit).

[the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984)).

Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent petitioner include: (1) the merits of the petitioner's claim; (2) the petitioner's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the petitioner's ability to pursue such investigation; (5) the petitioner's capacity to retain counsel on his or her own behalf; and (5) the degree to which the case turns on credibility determinations or expert testimony. Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002); Tabron, 6 F.3d at 155-56.

After reviewing Plaintiff's Motion and supporting affidavit, the Court concludes that the case is not so factually or legally complex at this juncture that requesting an attorney to represent Plaintiff is warranted. Plaintiff's filings in this case demonstrate his ability to articulate his claims and represent himself. Thus, in these circumstances, the Court will deny

14

without prejudice to renew Plaintiff's Request For Counsel. (D.I. 4.)

**IV. CONCLUSION**

For the above reasons, the claims against Defendants Phelps, Klein, Dutton, Coventry, Merson, Dr. Parker, Crapella, Aiello, Salas, Kearney, and Danberg will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Plaintiff will be allowed to proceed against Defendants Pennell, Hosterman, Scarborough, Kadtke, and Senato. The Court will deny Plaintiff's Request for Counsel. (D.I. 4.)

An appropriate Order will be entered.