IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| USHANGO OWENS-ALI, | : | |
| a/k/a Ushango Owens, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. Action No. 09-556-JJF |
| | : | |
| CHAPLAIN FRANK C. PENNELL, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

Ushango Owens, Pro se Plaintiff, James T. Vaughn Correctional
Center, Smyrna, Delaware.

Devera Breeding Scott, Esquire, Deputy Attorney General, Delaware
Department of Justice.  Attorney for Defendants.

**MEMORANDUM OPINION**

March  $3\mathcal{O}$ , 2010
Wilmington, Delaware

Farnan, District Judge

Plaintiff Ushango Owens ("Plaintiff"), an inmate currently
incarcerated at the James T. Vaughn Correctional Center ("VCC")
filed this lawsuit pursuant to 42 U.S.C. § 1983 and the Religious
Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C.
§§ 2000cc to 2000cc-5. He proceeds pro se and has been granted
leave to proceed in forma pauperis. The Court has jurisdiction
pursuant to 28 U.S.C. § 1331. Presently before the Court is
Plaintiff's Request For Counsel and Defendants' Motion To Revoke
Plaintiff's In Forma Pauperis Status. (D.I. 20, 22.) For the
reasons discussed below, the Court will deny Plaintiff's Request
for Counsel and will deny Defendants' Motion To Revoke
Plaintiff's In Forma Pauperis Status.

## I. BACKGROUND

Plaintiff proceeds pro se and requested in forma pauperis
status at the time he filed the Complaint. (D.I. 1.) The Motion
was granted on September 8, 2009, and Plaintiff was assessed the
three hundred fifty dollar filing fee. (D.I. 7, 10.) The Court
then conducted an initial screening of the case pursuant to 28
U.S.C. § 1915 and § 1915A. (D.I. 12, 13.) Several claims and
Defendants were dismissed.

Defendants move to revoke Plaintiff's in forma pauperis
status on the grounds that has three strikes and, therefore,

pursuant to 28 U.S.C. § 1915(g) he may not proceed as a pauper.
They seek an order for Plaintiff to immediately pay the filing
fee and dismissal of the case for failure to pay.

## II. REQUEST FOR COUNSEL

Plaintiff requests counsel on the grounds that he is unable
to afford counsel, his imprisonment greatly limits his ability to
litigate, the issues involved in this case are complex, he has
limited access to the law library and limited knowledge of the
law, a trial in this case will likely involve conflicting
testimony, and he has made an effort to obtain a lawyer. (D.I.
20.)

Although a plaintiff does not have a constitutional or
statutory right to an attorney,[1] a district court may seek legal
representation by counsel for a plaintiff who demonstrates
"special circumstances indicating the likelihood of substantial
prejudice to [the plaintiff] resulting . . . from [the
plaintiff's] probable inability without such assistance to
present the facts and legal issues to the court in a complex but
arguably meritorious case." Tabron v. Grace, 6 F.3d 147, 154 (3d

_____

[1]See Mallard v. United States Dist. Court for the S. Dist.
of Iowa, 490 U.S. 296 (1989) (section 1915(e)(1)) does not
authorize a federal court to require an unwilling attorney to
represent an indigent civil litigant, the operative word in the
statute being "request."; Tabron v. Grace, 6 F.3d 147, 153 (3d
Cir. 1993) (no right to counsel in a civil suit).

2

Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984)).

Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (5) the degree to which the case turns on credibility determinations or expert testimony. Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002); Tabron, 6 F.3d at 155-56.

After reviewing Plaintiff's Motion, the Court concludes that the case is so not factually or legally complex that an attorney to represent Plaintiff is warranted. Moreover, Plaintiff's filings in this case demonstrate his ability to articulate his claims and represent himself. Thus, in these circumstances, the Court will deny without prejudice to renew Plaintiff's Request For Counsel. (D.I. 20.)

### III. 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule", when the prisoner is in imminent danger of serious physical injury. at the time of the filing of his complaint. 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001).

Defendants contend that Plaintiff has filed three lawsuits in this Court that were dismissed for failure to state a claim and/or as frivolous and, therefore, is ineligible for in forma pauperis status. They cite to the following cases: Owens v. United States of Am., Civ. No. 08-157-JJF, dismissed following screening as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) on July 1, 2008; Owens v. United States of Am., Civ. No. 08-134-JJF, dismissed following screening as frivolous

4

pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) on July 1, 2008; and, <u>Owens v. Brewington-Carr</u>, Civ. No. 98-375-JJF, dismissed pursuant to a Fed. R. Civ. P. 12(b)(6) motion on August 20,1999.

Congress's intent in enacting the PLRA was to conserve judicial resources by authorizing district courts to dismiss nonmeritorious prisoner complaints at an early stage. <u>O'Neal v. Price</u>, 531 F.3d 1146, 1153 (9th Cir. 2008). The three-strike provision of the PLRA is an effort to lessen the crush of frivolous prisoner filings in the federal court system. <u>See</u> <u>Nyhuis v. Reno</u>, 204 F.3d 65, 73 (3d Cir. 2000).

The PLRA details a court's obligation to dismiss a plaintiff's <u>in</u> <u>forma</u> <u>pauperis</u> complaint in three separate but interrelated provisions, 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2), and 42 U.S.C. § 1997e(c). <u>O'Neal v. Price</u>, 531 F.3d at 1152. The relationship between the screening provision in 28 U.S.C. § 1915A and the other dismissal provisions, 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c), is explained as follows: § 1915A "is applicable at the initial stage of the litigation, while § 1915(e)(2) [and 42 U.S.C. § 1997e(c) are] . . . applicable throughout the entire litigation process." <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 110 n.11 (3d Cir. 2002). The PLRA provision authorizing prisoner <u>in</u> <u>forma</u> <u>pauperis</u> suits

5

provides explicitly "for sua sponte dismissal for certain specified reasons, see 28 U.S.C. § 1915(e)(2) (2001) (amended by Pub. L. 104-134, 110 Stat. 1321-74 (1996)) (permitting dismissals "at any time" for falsely alleging poverty, or because, inter alia, the action is frivolous or malicious), and also instituted a screening process for prisoner suits against governmental entities and their employees, see 28 U.S.C. § 1915A(a)(b) (directing dismissal "before docketing, if feasible" for, among other grounds, claims which seek monetary relief from defendants immune from such redress)." Ray v. Kertes, 285 F.3d 287, 296 n.10 (3d Cir. 2002). Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss, sua sponte and prior to service of process, a complaint that fails to state a claim, a power courts did not have prior to enactment of the PLRA." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). This expansion of power is intended to curb the flood of prisoner lawsuits, spare the government the expense of serving parties, and save defendants the trouble of answering meritless complaints. Id.

Read together, the foregoing provisions require a district court to dismiss an in forma pauperis complaint when it determines that the complaint meets the criteria set forth in 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), or 42 U.S.C. § 1997e(c). Because these statutes impose a mandatory duty, courts

6

have construed a district court's termination of an in forma
pauperis complaint during the screening process for a reason
enumerated in § 1915A, § 1915(e)(2)(B), or § 1997e(c) as a
dismissal pursuant to the applicable section.  O'Neal v. Price,
531 F.3d at 1153.

Unlike the screening provisions of the PLRA, "[u]nder Rule
12(b)(6), a plaintiff with an arguable claim is ordinarily
accorded notice of a pending motion to dismiss for failure to
state a claim and an opportunity to amend the complaint before
the motion is ruled upon.  These procedures alert [the plaintiff]
to the legal theory underlying the defendant's challenge, and
enable [the plaintiff] meaningfully to respond by opposing the
motion to dismiss on legal grounds or by clarifying [] factual
allegations so as to conform with the requirements of a valid
legal cause of action . . . .  By contrast, the sua sponte
dismissals permitted by, and frequently employed under, §
1915(d)(the former provision of § 1915(e)(2)), necessary though
they may sometimes be to shield defendants from vexatious
lawsuits, involve no such procedural protections."  Grayson, 293
F.3d at 112 (quoting Neitzke v. Williams, 490 U.S. at 329-30).

The interrelated provisions of § 1915(e)(2), § 1915A, and §
1997e(c) provide for sua sponte dismissal and, while § 1915(g)
contains language similar to Fed. R. Civ. P. 12(b)(6), it makes

7

no makes no explicit reference to Rule 12(b)(6). The intent behind the PLRA is to curb excessive frivolous filings by prisoners, and its provisions require that a court dismiss a case at its inception, sua sponte, prior to service, and with no input from the prisoner plaintiff. The PLRA's provisions which intend dismissal at the outset of a case are unlike a Rule 12(b)(6) motion which, as discussed above, affords a prisoner procedural protections. Therefore, this Court counts dismissals of prisoner cases that occur during the initial screening of the Complaint as strikes, but does not count as strikes prisoner cases dismissed pursuant to a Rule 12(b)(6) Motion. Because Plaintiff's case, Civ. No. 98-375-JJF, dismissed pursuant to Fed. R. Civ. P. 12(b)(6) is not counted as a strike, he has not acquired the three strikes for revocation of his in forma pauperis status. For the above reasons, the Court will deny the Motion To Revoke Plaintiff's In Forma Pauperis Status. (D.I. 22.)

**IV. CONCLUSION**

For the above reasons, the Court will deny Defendants' Motion. (D.I. 22.)

An appropriate Order will be entered.