IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| USHANGO OWENS-ALI, a/k/a Ushango Owens, | : |
| Plaintiff, | : |
| v. | : Civ. No. 09-556-LPS |
| CHAPLAIN FRANK C. PENNELL, et al., | : |
| Defendants. | : |

Ushango Owens-Ali, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Devera Breeding Scott, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

January 18, 2012
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Ushango Owens-Ali ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5. (D.I. 2, 3) He appears *pro se* and has been granted leave to proceed without prepayment of fees. Presently before the Court are Defendants' Motion for Summary Judgment and Motion to Dismiss for Failure to Prosecute. (D.I. 45, 47) For the reasons set forth below, the Court will grant the Motion to Dismiss for Failure to Prosecute and will deny as moot the Motion for Summary Judgment.

## II. BACKGROUND

Plaintiff filed the instant action alleging Defendants violated his constitutional rights when they denied his religious dietary requests. (D.I. 2, 3) In addition, Plaintiff alleges that he was transferred from the Howard R. Young Correctional Institution to the VCC, and placed in administrative segregation, in retaliation for his requests. (*Id.*)

The Court screened the Complaint and dismissed several Defendants. (D.I. 12) The remaining Defendants answered the Complaint and discovery proceeded. Plaintiff served several discovery requests upon Defendants and, on July 27, 2010, Plaintiff filed a Motion to Compel and an entry of appearance to present his motion. (D.I. 40, 41) The Court denied the Motion to Compel on February 18, 2011. (D.I. 44) In the interim, on January 13, 2011, the Court had entered a scheduling order that provided a discovery deadline of July 15, 2011. (D.I. 43) The order also provided a deadline to file motions for summary judgment on or before August 15,

1

2011, with answering briefs due on or before August 29, 2011 and reply briefs due on or before September 6, 2011. (*Id.*) In denying Plaintiff's Motion to Compel, the Court noted that discovery deadlines had been extended to July 15, 2011 and, therefore, Plaintiff had sufficient time to conduct additional discovery so long as he complied with the Federal Rules of Civil Procedure. (D.I. 44) Nonetheless, Plaintiff did not conduct additional discovery or take any action subsequent to July 27, 2010.

On August 15, 2011, Defendants filed a Motion for Summary Judgment. (D.I. 45) Plaintiff did not file a response or any documents in opposition to the motion. On September 7, 2011, Defendants filed a Motion to Dismiss for Failure to Prosecute. (D.I. 47) Again, Plaintiff did not file a response or any documents in opposition.

### III. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court." Although dismissal is an extreme sanction that should be used only in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The Court considers six factors in determining whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of such other sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d

863, 868 (3d Cir. 1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Huertas v. United States Dep't of Educ.*, 408 F. App'x 639 (3d Cir. Dec. 13, 2010) (not published).

The court must balance the factors and need not find that all of them weigh against plaintiff to dismiss the action. *See Emerson*, 296 F.3d at 190; *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988).

## IV. DISCUSSION

The Court finds that the *Poulis* factors warrant dismissal of Plaintiff's case. First, as a *pro se* litigant, Plaintiff is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second, Defendants are prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Here, Plaintiff's failure to take any action in this case since June 2010 impedes Defendants' ability to prepare their trial strategy.

As to the third factor, there is a history of dilatoriness, as Plaintiff did not respond to the Motion for Summary Judgment or the Motion to Dismiss for Failure to Prosecute. As to the fourth factor, since Plaintiff has taken no action for a lengthy period of time, the Court is unable to discern whether his failure to prosecute is willful or in bad faith. As to the fifth factor, there are no alternative sanctions the Court could impose that would have any effect. Because Plaintiff proceeds *pro se* and *in forma pauperis*, it is doubtful that monetary sanctions would be effective, if even appropriate.

As to the sixth factor, the merits of the claim, the evidence of record indicates that Defendants appear to have a meritorious defense. Defendants appear to lack the personal involvement necessary to impose liability on a 42 U.S.C. § 1983 claim. In addition, the evidence of record does not indicate that Defendants placed a substantial burden upon Plaintiff's ability to exercise his religion in violation of RLUIPA. (*See* D.I. 46 at exhibits)

Given Plaintiff's failure to take any action in this case since July 2010, to respond to Defendants' Motion for Summary Judgment and to Defendants' Motion for Failure to Prosecute, as well as the unlikelihood of success on the merits of his claim, the court finds that the *Poulis* factors weigh in favor of dismissal.

## V. <u>CONCLUSION</u>

For the above reasons, the Court will grant Defendants' Motion to Dismiss for Failure to Prosecute. (D.I. 47) The Court will deny as moot Defendants' Motion for Summary Judgment. (D.I. 45)

An appropriate Order follows.